UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TODD GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01348-TWP-MJD |
| | ) | |
| ERIN GREEN, | ) | |
| CHARLOTTE KIRKWOOD, | ) | |
| F.C. TUCKER COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Todd Green ("Mr. Green") initiated this federal action against Defendants Erin Green, Charlotte Kirkwood, and F.C. Tucker Company, LLC ("F.C. Tucker") asserting diversity of citizenship as the basis for this Court's jurisdiction. When he first filed this action, Mr. Green did not (and could not) allege the citizenship of F.C. Tucker. Throughout four jurisdictional entries, the Court identified the jurisdictional deficiencies in Mr. Green's pleadings, explained what information he needed to allege, and gave him several opportunities to cure the deficiencies. (*See* Filing No. 47). But even after being amply instructed on the law and given all required information by F.C. Tucker, Mr. Green again failed to properly allege jurisdiction. Ultimately, the Court ordered Mr. Green to show cause why this case should not be dismissed for lack of jurisdiction. *Id.*

Mr. Green's response to the Show Cause Order does not explain his repeated disregard of the Court's jurisdictional entries (Filing No. 52). More disappointingly, the response still fails to properly plead jurisdiction because it does not allege the states of formation of five corporations whose citizenships are attributable to F.C. Tucker. (Filing No. 52 at ¶14(g)).

The Court gave Mr. Green multiple warnings that this action would be dismissed if he did not establish federal jurisdiction. "At some point the train of opportunities ends." *America's Best*

*Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (vacating judgment of district court and remanding with instructions to dismiss for lack of subject matter jurisdiction).

> [I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear. Counsel have only themselves to blame if they must now litigate this case from scratch in state court.

*Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (vacating judgment of district court and remanding with instructions to dismiss for lack of subject matter jurisdiction).

Mr. Green has not shown cause why this action should not be dismissed for lack of jurisdiction. Accordingly, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Final judgment consistent with this Entry will issue under separate order.

**SO ORDERED**.

Date: 12/9/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

S. Andrew Burns
Cox, Sargeant & Burns, P.C.
aburns@coxsargelaw.com

Brad A. Catlin
Williams Law Group, LLC
brad@williamsgroup.law

Jacob Eckhardt
Hackman Hulett LLP
jeckhardt@hhlaw-in.com

Anthony Seaton Ridolfo, Jr.
Hackman Hulett LLP
aridolfo@hhlaw-in.com